Peter Moran, Litigation & Legal Advice Staff, I.N.S., New York City, for respondent.

**KWOK WING LEUNG, and Yee Yiu Siu Chen, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 86 Misc. 72.**

United States District Court, E.D. New York.

July 24, 1986.

## MEMORANDUM AND ORDER

GLASSER, District Judge.

Petitioners Kwok Wing Leung and Yee Yiu Siu Chen, petition numbers 981883 and 985012, respectively, seek to become naturalized citizens of the United States. On June 11, 1985, petitioner Leung, who is 72 years old, underwent a preliminary examination by a designated examiner of the Immigration and Naturalization Service ("INS") who recommended to the Court that Mr. Leung should be naturalized. Accordingly, Mr. Leung was notified to appear in Court on August 27, 1985. When that day arrived, however, Mr. Leung was

not sworn in as a citizen. Instead, he was taken from the processing line by another officer of the INS and administered a test of his knowledge of the English language. Dissatisfied with the results of that test, the INS officer sent Mr. Leung home. Subsequently, he was sent a notice to appear for another test of his ability to write in English. When, on the instruction of his attorney, Mr. Leung failed to appear, the latter INS examiner recommended that his petition for naturalization be dismissed for failure to prosecute. The experience of petitioner Chen was quite similar.

Both petitioners, represented by the same attorney, have now commenced this proceeding seeking an order from the Court restoring their names to the calendar for an upcoming Naturalization ceremony. Petitioners contend that their treatment by the INS was contrary to law and represented an improper usurpation of the Court's role. Finding that petitioners' contentions are, in many respects, accurate, and finding no reason to deny them the opportunity to take the oath as citizens, petitioners' request will be granted.

The statutory and regulatory scheme at issue in this case is relatively simple. This Court has "jurisdiction to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a). The decision whether or not to exercise this jurisdiction is to be made by the Court at a final hearing upon a petition for naturalization. *Id.* § 1447(a). At this final hearing, the Court may examine the petitioner under oath to determine whether he or she meets the requirements for naturalization. *Id.* Except in rare cases, however, the Court may and does rely on the recommendation of an INS employee, the designated examiner, who has conducted a preliminary examination. *Id.* § 1447(b).

The designated examiner system, created to ease the burden on the courts, is codified at 8 U.S.C. §§ 1446(b), (c) and (d). 8 U.S.C. § 1446(b) authorizes the Attorney General to designate INS employees

to conduct preliminary examinations upon petitions for naturalizations to any

naturalization court and to make recommendations thereon to such court.

Section 1446(c) provides that the record of the preliminary examination along with the designated examiner's recommendation may be transmitted to the Attorney General. Should the Attorney General, who has delegated this authority to the INS regional commissioner, *see* 8 C.F.R. §§ 2.1, 335.-12, disagree with the recommendation of the designated examiner, both recommendations "shall be submitted to the court at the hearing upon the petition." 8 U.S.C. § 1446(d).

It is apparent from the history of these proceedings that the actions of the INS have departed from the statutory scheme and implementing regulations in several ways. Most significantly, the Court finds that the INS had no authority to instruct petitioners to return home and not appear before the Court on the dates set for the final hearings on their petitions for naturalization. The statute is quite clear that although a second INS employee may disagree with the recommendation of the designated examiner, he has no authority to overrule that recommendation but may only submit his dissenting view for the Court's consideration. Should such a disagreement arise, moreover, the regulations require that notice, "advis[ing] the petitioner of the recommendation of the regional commissioner and that both recommendations will be presented to the court," 8 C.F.R. § 335.13(c), must be given to the petitioner when he or she is informed of the date of the final hearing.

Counsel for the INS candidly concedes that the agency has acted improperly. *See* Brief for INS at 5 ("Nowhere in the Act, regulations, [Operations Instructions], [INS] Interpretations or the Naturalization Examiner's Guide or in any precedential decision is there a provision for simply sending someone away and denying him or her an opportunity to have the case presented to the Court, once it is on the calendar."). With respect to petitioner Chen, the INS suggests that "she should

be naturalized as soon as it is convenient for her to appear." *Id.* at 6. The Court will accept that suggestion.

With respect to petitioner Leung, however, the INS suggests that "he has not satisfied the literacy requirements" of the naturalization statute, and requests that his case be presented to the regional commissioner "for his evaluation on whether he agrees or disagrees with the designated examiner's recommendation." *Id.* Given Mr. Leung's age and the length of time that his petition for naturalization has been pending, and given that the ultimate responsibility for determining Mr. Leung's eligibility for citizenship lies with this Court, the Court sees no just reason to delay these proceedings any further. Had the INS followed proper procedures, Mr. Leung's petition would have been presented to the Court along with the recommendation of the designated examiner and the dissenting statement, if any, of the regional commissioner. Although there has been no formal statement from the regional commissioner questioning Mr. Leung's compliance with the literacy requirement, the record before the Court, which includes the results of both tests administered to Mr. Leung as well as the observations of INS examiners and counsel with respect to those results, squarely presents this question for the Court's consideration.

8 U.S.C. § 1423 requires that an applicant for citizenship have "an ability to read, write, and speak words in ordinary usage in the English language." The statute contains a proviso that this requirement "shall be met if the applicant can read or write simple words and phrases" and that "no extraordinary or unreasonable condition shall be imposed upon the applicant." *Id.* On the basis of the record before me, I am satisfied that Mr. Leung is in compliance with this requirement and is therefore eligible to become a citizen. Accordingly, he, along with Ms. Chen, should be naturalized at the earliest opportunity.

SO ORDERED.